**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 23-118-DLB**

**BRETT SIMPSON**                                                                                      **PLAINTIFF**

**VS.**                                        **MEMORANDUM ORDER**

**COOKIE CREWS**                                                                                  **DEFENDANT**

*** *** *** ***

*Pro se* Plaintiff Brett Simpson filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. # 1).  Simpson names Cookie Crews, the Commissioner of the Kentucky Department of Corrections ("KDOC"), as the Defendant, and he alleges that he was denied a Kosher diet and the ability to participate in a substance abuse program while incarcerated at the Little Sandy Correctional Complex ("LSCC"), in violation of his First Amendment rights.  (*See id.*).  Simpson is seeking money damages.  (*Id.* at 4).

Crews responded to Simpson's complaint by filing a motion for summary judgment. (Doc. # 21).  Crews argues that Simpson failed to adequately exhaust his administrative remedies before filing suit in federal court.  (*See id.*).  Crews concedes that Simpson filed an administrative grievance regarding two issues—i.e., his ability to practice his faith and his interest in completing a substance abuse program.  (*See id.* at 3).  However, Crews suggests that prison officials appropriately rejected this grievance because it improperly related to multiple matters and failed to provide dates regarding the matters in question. (*See id.*).  Crews then claims that Simpson did not refile his grievance, and, as a result,

1

he failed to adequately exhaust his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  (*See id.* at 3-4).  Thus, Crews argues that Simpson's complaint must be dismissed.  (*Id.* at 4).

Simpson responded to Crews's motion by alleging that he made multiple attempts to file administrative grievances, albeit to no avail.  (*See* Doc. # 23-1 at 1-2).  Simpson also says that he wrote to both the Warden of the LSCC and the KDOC Commissioner.  (*See id.* at 2).  Simpson further alleges that he filed even more grievances which were "suppose[d]ly never turned into the correct person."  (*Id.* at 2-3).  Simpson then says, "I took it into my own hands to file a 1983 form."  (*Id.* at 3).

Crews replied to Simpson's response by arguing that his "allegations about his thwarted attempts to file grievances are unsupported by any evidence."  (Doc. # 28 at 4).  Crews points out that Simpson only submitted one document into the record to support his response and argues that the document "does not show that [Simpson] exhausted his administrative remedies."  (*Id.*).  Crews therefore says that the Court should dismiss Simpson's complaint.  (*Id.* at 5).

The Court has fully reviewed the parties' submissions and will deny, without prejudice, Crews's motion for summary judgment.  The parties' filings make it clear that, at a minimum, there is a genuine factual dispute as to whether the administrative remedy process was functionally available to Simpson given his allegations, which suggest that his attempts to file grievances were thwarted.  *See Gilmore v. Ormond*, No. 19-5237, 2019 WL 8222518, at *2 (6th Cir. Oct. 4, 2019) (making it clear that "[a] grievance system is unavailable if prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." (citation and

quotation marks omitted)).  And while Crews emphasizes that Simpson has not offered sufficient evidence to support his allegations regarding exhaustion, her arguments and request for summary judgment are premature because, to date, no discovery has taken place.  *See Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1998) ("The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery.").  Thus, the Court will deny Crews's motion for summary judgment, though she is free to renew her motion at a subsequent stage of the litigation.

Accordingly, it is **ORDERED** as follows:

(1)    Crews's motion for summary judgment (Doc. # 21) is **DENIED** without prejudice;

(2)    Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a United States Magistrate Judge to conduct all pretrial proceedings, including overseeing the discovery process;

(3)    The Clerk of the Court shall **ASSIGN** this matter to a Magistrate Judge consistent with this Order; and

(4)    Finally, since the Court has denied Crews's motion for summary judgment at this time, Crews must file an answer to Simpson's complaint **within twenty-one (21) days** from the entry of this Order.  Once Crews files her answer, the assigned Magistrate Judge will enter a new Order regarding the next steps in the litigation.

This 26th day of April 2024.



Signed By:

*David L. Bunning*

United States District Judge

3