**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

| | | |
|---|---|---|
| **BRETT SIMPSON,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 0:23-CV-00118-DLB-MAS** |
| | ) | |
| **COOKIE CREWS,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Pro se Plaintiff Brett Simpson ("Simpson") filed a Complaint asserting 42 U.S.C. § 1983 claims against Defendant Cookie Crews ("Crews") on December 3, 2023. [DE 1]. Simpson has not participated in this lawsuit since October 28, 2024, when he filed his Second Set of Interrogatories with the Court. [DE 45]. On June 2, 2025, the Court issued an Order that was returned as undeliverable and unable to be forwarded to Simpson. [DE 49]. Since then, Crews has filed a Motion to Dismiss for Simpson's failure to comply with the Court Order to keep his address updated [DE 50] and a Motion for Summary Judgment [DE 51]. Simpson did not respond to either of motion. On February 2, 2026, the Court ordered Simpson to show cause why his case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). [DE 52]. Again, the Order was returned undeliverable, and Simpson did not respond to the Court's Show Cause Order. [DE 53]. It is a plaintiff's

responsibility to change his address with the Clerk of Court so that the Court and opposing parties may contact him. LR 5.3.  As the Court previously warned Simpson, failure to do so may result in dismissal of the case.  LR 5.3.  Simpson's last known address in the docket was the Southeast State Correctional Complex; however, the Kentucky Online Offender Lookup website indicates that Simpson (Prisoner ID# 271783) was released on parole in May 2025 and has since absconded from state supervision.[1]

Simpson instituted this lawsuit, and he has an obligation to participate in it. *See* FED. R. CIV. P. 41(b).  District Courts have the authority to *sua sponte* dismiss actions for failure to prosecute under Rule 41(b).  *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 362–62 (6th Cir. 1999)). "Dismissal of a claim for failure to prosecute is a harsh sanction" that courts should only order after giving the Plaintiff adequate opportunity to prosecute its case.  *Id.* at 726.  When deciding whether dismissal under Rule 41(b) is warranted, courts should consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to

---

[1] KENTUCKY ONLINE OFFENDER LOOKUP, http://apps.corrections.ky.gov/KOOL/Details/359406 (last visited Feb. 18, 2026).

cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll,* 176 F.3d at 363 (citation omitted).

Here, these factors are met. The first factor is met when a party "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (quoting *Shepard Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). Simpson has failed to respond to the Court's Show Cause Order [DE 52], and Defendant's Motions for Summary Judgment [DE 51] and to Dismiss [DE 50]. In fact, Simpson has taken no official action in this case in nearly sixteen months. [DE 45].

Second, Crews has expended substantial resources to defend this action, including conducting and responding to discovery, filing a Motion to Dismiss [DE 50], and a Motion for Summary Judgment [DE 51]. The filings reflect Crews's diligent efforts at defending this action, despite the obvious lack of pursuit by Simpson. Even assuming more minimal prejudice due to the procedural posture of the case, Crews cannot be expected to expend further time and resources given Simpson's abandonment of the case. *See White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) ("[D]efendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case."). Thus, the second factor weighs in favor of dismissal.

Third, Simpson was expressly warned in the Court's Show Cause Order on February 2, 2026, that his failure to respond and update his address would result in the undersigned recommending dismissal of this action.  [DE 52].  Despite the warning and the Court's attempts to contact him [see DE 48, 29, 52, and 53], Simpson has not contacted the Court in any way to express his intention to proceed with this case.  This factor favors dismissal.

Finally, Simpson's failure to respond to the Court's Show Cause Order or file anything in this case since October 2024 "renders the imposition of lesser sanctions unlikely to prompt even dilatory compliance."  *Patton v. Phillips*, No. 7:22-CV-23-REW, 2022 WL 2980343, at *2 (E.D. Ky. July 28, 2022).  Moreover, "dismissal without prejudice is an appropriate sanction in this situation, as it balances the court's interest in 'sound judicial case and docket management' with 'the public policy interest in the disposition of cases on their merits.'"  *Cornett v. Dobson*, 338 F.R.D. 97, 99 (E.D. Ky. 2021) (quoting *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 557 n.5 (6th Cir. 2004)).  This is particularly true considering the undersigned is recommending dismissal, providing Simpson one last opportunity to respond and object to dismissal of his case before finality of any action by the District Court.

Accordingly, the Court **RECOMMENDS** the District Court **GRANT** Defendant's Motion to Dismiss [DE 50] and **DISMISS without prejudice** all claims in this matter pursuant to LR 5.3 and FED. R. CIV. P. 41(b) for lack of prosecution for the reasons stated herein.  Additionally, the Court **RECOMMENDS** the District Court **DENY** Defendant's Motion for Summary Judgment [DE 51] **as moot**.  The

Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute.  As defined by § 636(b)(1), FED. R. CIV. P. 72(b), and local rule, within **fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration.

Signed this the 18th of February, 2026.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY